## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRIC OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| RK MANAGEMENT CONSULTANTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-5347 |
| | ) | |
| NIKHIL SEHGAL and RACHNA VIRMANI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO QUASH SUBPOENA OR ALTERNATIVELY
## FOR ISSUANCE OF A PROTECTIVE ORDER

**NOW COMES** Movant, Logical Technologies, LLC, ("Logical"), an Illinois limited liability company, by and through its attorneys, Dolgin & Fischer, LLC, and moves this Honorable Court to issue an Order quashing the document subpoena filed against it by the Plaintiff, RK Management Consultants, Inc. or, in the alternative, to issue a Protective Order protecting against disclosure of Movant's confidential client information.  In support of its Motion, Movant states as follows:

1. That, contemporaneous with this filing, Defendants, Nikhil Sehgal and Rachna Virmani, have filed their own Motion to Quash Subpoena or Alternatively for Issuance of a Protective Order, a copy of which is attached hereto and incorporated herein by reference.

2. That Movant adopts all objections and arguments raised by Defendants in their Motion, as its own.

Wherefore, Movant respectfully requests this Court enter an order quashing the document subpoena served on Logical, via its registered agent and manager, or in the alternative, enter an order protecting against disclosure of Logical's confidential client information.

Respectfully submitted,

LOGICAL TECHNOLOGIES, LLC

By:____/s/ David J. Fischer_____
One of its attorneys

David J. Fischer
Dolgin & Fischer, LLC
30 North LaSalle Street, Suite 2610
Chicago, Illinois 60602
(312) 705-2000
Firm No.  40954

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| RK MANAGEMENT CONSULTANTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-5347 |
| | ) | |
| NIKHIL SEHGAL and RACHNA VIRMANI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO QUASH SUBPOENA OR ALTERNATIVELY
## FOR THE ISSUANCE OF A PROTECTIVE ORDER

NOW COMES, Defendants, Nikhil Sehgal ("Sehgal") and Rachna Virmani ("Virmani"), pursuant to Federal Rules of Civil Procedure 37(a)(1) and 26(c)(1) and move this Court for an order quashing the document subpoena served on Logical Technologies LLC or in the alternative, grant a Protective Order preventing disclosure of Logical's confidential information, including its client list. In support of their motion, Defendants state as follows:

1.      On December 9, 2009, Plaintiff served on Logical Technologies LLC ("Logical"), via service by a private investigator "Subpoena in a Civil Case-Records Only" ("Subpoena"). Duplicate copies of the subpoena were served on both the registered agent and manager of Logical. True and correct copies of the Subpoena are attached hereto as Exhibit A.

2.      Logical is an Illinois Limited Liability Company that was formed on May 30, 2008. Logical's principal place of business is 10S. 427 Carrington Circle, Burr Ridge, Illinois, 60527. Virmani is the manager of Logical and its sole member.

3.      Logical is engaged in the business of supplying temporary IT and computer staffing for its clients. As such, Logical is presently a direct competitor of RK Management, Plaintiff herein.

4.      Logical employs the services of the Defendants.

5.      Logical is a non-party to this litigation.

6.      In the complaint, Plaintiff has sued Defendants for monetary damages and also seeks equitable relief, including injunctive relief, to put the Defendants out of business.

7.     Defendants, while employed at Plaintiff, were Plaintiff's key producers. Plaintiff has a significant interest in eliminating Defendants' ability to compete.

8.     Plaintiff has propounded various items of discovery against Defendants in addition to the Subpoenas. Contemporaneously herewith, Defendants are responding to two (2) sets of interrogatories and two (2) document production requests, copies of which are attached hereto and incorporated herein by reference.

9.     Generally speaking, Plaintiff seeks the same information from the Defendants as from Logical.

10.     Defendants have raised a number of objections spelled out in particular in their responses to the discovery requests. Said objections are fully adopted for purposes of this motion.

11.     Plaintiff seeks, through its discovery, to learn the identity of the confidential client list of Logical.

12.     Logical is a young company which protects its confidential business list so that it can maintain and grow its business.

13.     Plaintiff would benefit significantly from a business standpoint if it could learn the identity of Logical's clients and then solicit those accounts.

14.     Logical does not make it a practice of sharing its confidential client information with competitors. It has worked to develop personal and private relationships with its customers. Given the relative youth of Logical's business, its client list is not large nor does it have enough substance to sustain losses of business.

15.     As required by the Federal Rules of Civil Procedure, and as certified herein, Defendants' counsel, David J. Fischer, prior to bringing this motion, consulted with Plaintiff's counsel to discuss discovery disclosures and motion for protective order issues. Despite a good faith effort on both parts, no agreement was reached.

16.     It is clear from the conversation between counsel, that Plaintiff intends to contact all customers of Logical. This contact alone, could cause a loss of business to Logical. Certainly, it is reasonable to believe that Plaintiff's contact could make Logical's customers uncomfortable, nervous, worried and intimidated, such that they discontinue doing business with Logical. Plaintiff could also solicit the accounts while pretending they did something wrong. Plaintiff's contacts could cause Logical's clients to incur legal fees and that situation would not be appreciated. If Logical's clients believe they could get dragged into the litigation, that may give even more reason to stop doing business with Logical. All of these reactions are reasonably anticipated and could lead to a disastrous loss of business for Logical. Again, Logical is not a party to this case.

17.     The discovery that has been propounded by Plaintiff seeks both direct and indirect information that would lead to the discovery of Logical's clients. Appropriate objections have been raised by Defendants and are listed in their discovery responses. The Court has allowed the Defendants time to raise their objections to Plaintiff's requests.

18.     The Federal rules provide for the granting of protective orders under Federal Rule of Civil Procedure 26(c)(1). The rule states that a party or any person from whom discovery is sought may move for protective order in the court where the action is pending. The rule continues to state that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including one or more of the following: (A) forbidding the disclosure of discovery; (B) specifying the terms including time and place, for the disclosure and discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters or limiting the scope of disclosure or discover certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court orders; (G) requiring that a trade secret or other <u>confidential</u> research, development or <u>commercial information</u> (emphasis added) not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

19.     Certainly in conformance with 26 (c)(1), Defendants believe many of the provisions provided in the rule are pertinent. Logical, a non-party, seeks to protect its confidential commercial information and client list.

20.     In conclusion, there is great need to quash the Logical subpoena and/or to grant a protective order preventing disclosure of information that identifies Logical's confidential client list. Plaintiff is a competitor of Logical. Plaintiff is engaged in a "scorched earth" process whereby it seeks monetary damages and most importantly, injunctive relief, seeking to put Defendants out of business.

21.     It would be inappropriate to allow Plaintiff to win its case before it actually wins its case. Plaintiff's stated intention to contact each Logical client, regardless of suspicion, indicates a single intent to drive a wedge between Defendants, Logical and its customers. Logical has no ability to recover lost business resulting from Plaintiff's contact, Plaintiff's intimidation or intimation that the customer could be dragged into this litigation. Aside from seeking to destroy Defendants by destroying Defendants' business, Plaintiff, armed with the identity of Logical's clients, could attempt to pick them off one by one. As a competitor, Plaintiff could contact Logical's clients, suggest to them that they did something wrong and solicit them to right the alleged wrong by leaving Logical and doing business with it.

WHEREFORE, Defendants, respectfully request that this Court enter an order quashing the document subpoena served on Logical or alternatively enter an order protecting against disclosure of Logical's confidential client information.

Respectfully submitted,

NIKHIL SEHGAL and RACHNA VIRMANI,

By:_____ /s/ David J. Fischer_____
One of their Attorneys

David J. Fischer
DOLGIN & FISCHER, LLC
30 North LaSalle Street, Suite 2610
Chicago, Illinois 60602
(312) 705-2000
Firm No. 40954
#119236v1

STATE OF ILLINOIS   )
          ) SS
COUNTY OF COOK   )

## **AFFIDAVIT**

   I, DAVID J. FISCHER, being first duly sworn on oath, depose, certify and state as follows:

   1.  That, prior to bringing this motion, I consulted with Plaintiff's counsel and discussed the need for a protective order.

   2.  My discussion took place in good faith.

Further Affiant sayeth:

NAUGHT

 /s/ David J. Fischer
DAVID J. FISCHER

Subscribed and sworn to before me
this _____ day of January, 2010

_____
  Notary Public

119522

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN     DISTRICT OF     ILLINOIS

RK Management Consultants, Inc.

V.

Nikhil Sehgal and Rachna Virmani

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:09-cv-5347

TO: Logical Technologies, LLC
c/o Rachna Virmani (its manager)
10 S. 427 Carrington Circle
Burr Ridge, Illinois 60527

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Addendum A attached hereto.

| PLACE   1900 Spring Road, Suite 200, Oak Brook, Illinois 60523 | DATE AND TIME 12/29/2009 1:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Edward R. Sherman   Plaintiff's Counsel | DATE 12/8/09 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward R. Sherman, Lillig & Thoranss, Ltd., 1900 Spring Road, Suite 200, Oak Brook, IL 60523 ((630) 571-1900)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

## Addendum A to Subpoena to Logical Technologies, LLC (Nilesh Baxi)

Any and all of the following documents whether maintained in paper or electronic format:

1. The Operating Agreement and all amendments thereto for Logical Technologies, LLC ("Logical").

2. All consents, resolutions and minutes of meetings of the managers and/or members of Logical since its formation.

3. Federal and state tax returns for Logical for the year 2008 with full schedules.

4. Yearly, quarterly and monthly financial statements and profit and loss statements for Logical for the years 2008 and 2009.

5. Bank statements, front and back copies of cancelled checks and records of all deposits and debits for Logical for the years 2008 and 2009 that contain any reference or relate to any client or IT Consultant that either worked or was associated with RK Management Consultants, Inc. ("RK Management") while Nikhil Sehgal and/or Rachna Virmani were employed by RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either was employed by RK Management.

6. All 1099s issued by Logical for the years 2008 and 2009 relating to any IT Consultant that either worked or was associated with RK Management while Rachna Virmani was employed by RK Management or communicated with Rachna Virmani while either she was employed by RK Management.

7. All W-2s issued by Logical for the years 2008 and 2009.

8. All documents provided to Techinsurance as part of or in support of Rachna Virmani's application for insurance for Logical.

9. All communications between Rachna Virmani, Nikhil Sehgal and/or any other person affiliated with Logical regarding RK Management, any IT Consultant that had previously had an agreement with RK Management and/or any client that had ever had services performed by an IT Consultant retained through RK Management.

10. Any documents that contain the names of any IT Consultant of Logical that had previously had an agreement with RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

1

11.    Any documents that contain the names of any client of Logical that had previously had services performed by an IT Consultant arranged through RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

12.    All documents showing gross revenue received by Logical by any client of Logical that has ever been a client of RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

13.    All employee and procedure manuals for Logical that contain any information concerning recruiting IT Consultants or client relationships.

14.    All form contracts used for IT Consultants or clients as part of Logical's business operations.

15.    Copies of all emails, text messages or other communications (recorded in any medium) between Rachna Virmani, Nikhil Sehgal and/or anyone affiliated with Logical from January 1, 2008 through March 6, 2009 that relate to RK Management, clients of RK Management, former clients of RK Management, IT Consultants who were ever placed by anyone affiliated with RK Management and potential clients and potential IT Consultants of RK Management that communicated with Nikhil Sehgal and/or Rachna Virmani while either was employed by RK Management.

16.    All k-1s issued to you by Logical since its formation.

17.    All loan and credit applications filled out on behalf of Logical for the period of January 1, 2008 through the date of your response to this subpoena.

18.    All lists or any other document containing the names of all clients of Logical since its formation.

19.    All lists or any other document containing the names of all IT consultants that have been placed by Logical or communicated with Logical since its formation.

20.    All accounts payable for Logical since its formation.

21.    All accounts receivable for Logical since its formation.

22.    All documents that contain unbilled work for any client of Logical since its formation.

23.    All employment contracts for any employees of Logical that have ever been employed by RK Management.

2

24.    Allow access for inspection of your cell phone, PDA, lap top, computer and any electronic device of yours or over which you have any control and preserve any and all data on each such device.

3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

RK Management Consultants, Inc.

v.

Nikhil Sehgal and Rachna Virmani

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] 1:09-cv-5347

TO:  Logical Technologies, LLC
     c/o Nilesh Baxi (its registered agent)
     6900 Main Street, Suite 154
     Downers Grove, Illinois  60516

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Addendum A attached hereto.

| PLACE    1900 Spring Road, Suite 200, Oak Brook, Illinois  60523 | DATE AND TIME |
|---|---|
| | 12/29/2009 1:00  p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Edward R. Sherman*    Plaintiff's Counsel | 12/18/09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward R. Sherman, Lillig & Thorsness, Ltd., 1900 Spring Road, Suite 200, Oak Brook, IL  60523 ((630) 571-1900)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Addendum A to Subpoena to Logical Technologies, LLC (Nilesh Baxi)

Any and all of the following documents whether maintained in paper or electronic format:

1. The Operating Agreement and all amendments thereto for Logical Technologies, LLC ("Logical").

2. All consents, resolutions and minutes of meetings of the managers and/or members of Logical since its formation.

3. Federal and state tax returns for Logical for the year 2008 with full schedules.

4. Yearly, quarterly and monthly financial statements and profit and loss statements for Logical for the years 2008 and 2009.

5. Bank statements, front and back copies of cancelled checks and records of all deposits and debits for Logical for the years 2008 and 2009 that contain any reference or relate to any client or IT Consultant that either worked or was associated with RK Management Consultants, Inc. ("RK Management") while Nikhil Sehgal and/or Rachna Virmani were employed by RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either was employed by RK Management.

6. All 1099s issued by Logical for the years 2008 and 2009 relating to any IT Consultant that either worked or was associated with RK Management while Rachna Virmani was employed by RK Management or communicated with Rachna Virmani while either she was employed by RK Management.

7. All W-2s issued by Logical for the years 2008 and 2009.

8. All documents provided to Techinsurance as part of or in support of Rachna Virmani's application for insurance for Logical.

9. All communications between Rachna Virmani, Nikhil Sehgal and/or any other person affiliated with Logical regarding RK Management, any IT Consultant that had previously had an agreement with RK Management and/or any client that had ever had services performed by an IT Consultant retained through RK Management.

10. Any documents that contain the names of any IT Consultant of Logical that had previously had an agreement with RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

11. Any documents that contain the names of any client of Logical that had previously had services performed by an IT Consultant arranged through RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

12. All documents showing gross revenue received by Logical by any client of Logical that has ever been a client of RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

13. All employee and procedure manuals for Logical that contain any information concerning recruiting IT Consultants or client relationships.

14. All form contracts used for IT Consultants or clients as part of Logical's business operations.

15. Copies of all emails, text messages or other communications (recorded in any medium) between Rachna Virmani, Nikhil Sehgal and/or anyone affiliated with Logical from January 1, 2008 through March 6, 2009 that relate to RK Management, clients of RK Management, former clients of RK Management, IT Consultants who were ever placed by anyone affiliated with RK Management and potential clients and potential IT Consultants of RK Management that communicated with Nikhil Sehgal and/or Rachna Virmani while either was employed by RK Management.

16. All k-1s issued to you by Logical since its formation.

17. All loan and credit applications filled out on behalf of Logical for the period of January 1, 2008 through the date of your response to this subpoena.

18. All lists or any other document containing the names of all clients of Logical since its formation.

19. All lists or any other document containing the names of all IT consultants that have been placed by Logical or communicated with Logical since its formation.

20. All accounts payable for Logical since its formation.

21. All accounts receivable for Logical since its formation.

22. All documents that contain unbilled work for any client of Logical since its formation.

23. All employment contracts for any employees of Logical that have ever been employed by RK Management.

2

24.  Allow access for inspection of your cell phone, PDA, lap top, computer and any electronic device of yours or over which you have any control and preserve any and all data on each such device.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| RK MANAGEMENT CONSULTANTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-5347 |
| | ) | |
| NIKHIL SEHGAL and RACHNA VIRMANI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWERS AND OBJECTIONS TO
## RK MANAGEMENT CONSULTANTS, INC.'S FIRST SET OF
## INTERROGATORIES PROPOUNDED ON DEFENDANT NIKHIL SEHGAL

COMES NOW, Defendant, NIKHIL SEHGAL ("SEHGAL"), by and through his attorneys, Dolgin & Fischer, LLC, and in response to RK Management Consultants, Inc.'s First Set of Interrogatories, states as follows:

## PRELIMINARY STATEMENT AND INSTRUCTIONS

The following instructions are to be considered applicable to all questions propounded in this set of interrogatories unless made expressly inapplicable by the particular interrogatory.

1.      In answering these Interrogatories Nikhil Sehgal is required to furnish all information that is available to his, including information in the possession of his agents, attorneys, investigators, and anyone else is acting on his behalf.

2.      If Nikhil Sehgal cannot fully answer a particular Interrogatory after exercising due diligence to secure the information necessary to do so, state the fact with respect to each such interrogatory and answer to the fullest extent possible, specifying in detail his inability to answer the remainder thereof and stating whatever available information, material or knowledge concerning the unanswered portion, and further stating what efforts were made, and by whom, to obtain the information requested in the unanswered portion.

3.     The singular number and masculine gender shall include, and be applied as, the plural or feminine or neuter, as the circumstances of the particular interrogatory may make appropriate.

4.     These Interrogatories are continuing in nature and Nikhil Sehgal is requested to promptly provided, by way of supplemental answers, such additional information as may hereafter be obtained by his or any person acting on his behalf, including his counsel, to the full extent required by the Federal Rules of Civil Procedure.

5.     If a claim of privilege is asserted as to any document responsive to or requested by these Interrogatories, please identify such document, the precise privilege asserted, the factual predicate of such assertion, and those persons who have knowledge regarding any facts contained in, or regarding the substance of, said communication so as to allow RK Management to bring this matter before the Court.  Communication shall be deemed to be adequately described for this purpose if the following information is provided:

   a.     The nature of the privilege claimed (the term privilege as used herein shall include work product;

   b.     The identity and position of the person(s) who has the document or prepared the document;

   c.     In the case of written communication, the approximate date the document to whom it was sent, and the name and position of each person, including attorneys representing parties in connection with this lawsuit, to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

   d.     A brief description or summary of the contents or substance of the document sufficient to explain the basis for the claim of privilege.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.     The term "RK Management" refers to RK Management Consultants, Inc., its agents, employees, representatives, attorneys, and all others acting on its behalf.

2.     The terms "Nikhil Sehgal" and "you" refers to Nikhil Sehgal, his agents, employees, representatives, attorneys and all others acting on his behalf.

3.     The term "Logical" refers to Logical Technologies LLC, its managers, members, agents, employees, representatives and all others acting on its behalf.

4.      The term "client" refers to any person that requests information technology services to be performed.

5.      The terms "information technology services" and "IT services" refers to all services performed by an IT Consultant as defined herein below whether performed by an IT Consultant or any other person including Nikhil Sehgal.

6.      The term "IT Consultant" refers to any person that performs services in the nature of computer programming, technical diagnosis and repair of computer hardware and software problems, and any other service involving interaction with computers and computer programs.

7.      "Person" means a natural person, corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity; and the acts and knowledge of a partners, employees, representatives, agents, and attorneys.

8.      The term "document" as used herein shall mean any written, recorded, filmed, computerized, or graphic matter, whether produced or reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including but not limited to, spreadsheets, databases, emails, metadata, statements, affidavits, files, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, drafts, and also including but not limited to, originals and all copies which are different in any way from the originals, whether by interlineation, receipt stamp, notation or indication of copies sent or received, to which Nikhil Sehgal, Rachna Virmani or Logical Technologies, LLC has access or over which Nikhil Sehgal, Rachna Virmani or Logical Technologies has control.

9.      As used herein, the phrases "refer to" and "relate to" include, but are not limited to, describing, containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, constituting, evidencing, setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

10.     As used herein, the phrase "bear upon" means to refer to, reflect upon or is in any way logically factually connected with the matters discussed, either directly or indirectly, in whole or in part.

11.     "Communication" shall mean any contact, oral or written, formal or informal, at any time or place, under any circumstances, in an manner, whereby a statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation, any documents containing, constituting, reflecting, memorializing, referring to or relating to any such contact.

12.    "Identify" means:

    a.    With respect to a person, to state:

        i.    full name;
        ii.    last known home address and telephone number;
        iii.    last known business address and telephone number;
        iv.    name and address of employer; and
        v.    position or job title.

    b.    With respect to an oral communication, to state:

        i.    by and to whom it was made;
        ii.    the date when it was made;
        iii.    all persons present when it was made; and
        iv.    if it was memorialized, summarized referenced, recorded or transcribed in any document or documents, and if so, to identify such document or documents.

    c.    With respect to a document, to state:

        i.    its nature, *i.e.,* whether it is a letter, memorandum, etc.;
        ii.    by whom it was generated, to whom it was addressed, and to whom any copies were directed and/or transmitted;
        iii.    the date(s) when it was generated and/or transmitted;
        iv.    the title or heading of the document;
        v.    the number of pages in the document, including enclosures, attachments or exhibits thereto; and
        vi.    the name and present or last known address of the possessor of the original of the document, or if the possessor of the original of the document, or if the original is unavailable, the most legible copy thereof.

    d.    With respect to an expert, to state:

        i.    full name;
        ii.    business address and telephone number;
        iii.    name and address of employer;
        iv.    position or job title;
        v.    qualifications in each area of expertise.

13.    If any document identified is no longer Nikhil Sehgal's possession or control or is no longer in existence, state whether it is:  (1) lost or missing; (2) authorization for such disposition, and state the approximate date thereof destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise

disposed of; and in each instance, explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

---

## INTERROGATORIES

1.      State the full name, date of birth, present business address, and the occupation of each person who contributed or participated in the preparation of these answers.

**ANSWER:**  Nikhil Sehgal, August 9, 1979, One Lincoln Center, 18W140 Butterfield Road, Suite 1500, Oak Brook Terrace, Illinois 60181, Office Manager.

2.      State whether you accessed RK Management's Monster and Dice accounts for the purpose of recruiting IT Consultants for placement by Logical between January 1, 2008 and March 6, 2009.  If the answer is in the affirmative, state:

a.      Which account(s) you accessed;

b.      The date(s) upon which you accessed the account(s);

c.      The number of times that you accessed the account(s); and

d.      Whether any IT Consultant placements resulted for Logical from your access.

**ANSWER:**   Unsure, but do not believe so.

3.      State all job titles and duties of Nikhil Sehgal during his employment with Logical.

**ANSWER:**    Office Manager.  Duties include marketing of the IT consultants, invoicing customers for consulting services.

4.      Identify by internet service provider and email address each email account you maintained or utilized under any name or alias from January 2008 until March 6, 2009.

**ANSWER:**    Onewebhosting
info@logicalteck.com
careers@logicalteck.com
Jatin@logicalteck.com
vagesh@logicalteck.com
nick@logicalteck.com
Rachna@logicalteck.com

5.    Describe the training Nikhil Sehgal received from RK Management for each position held by Nikhil Sehgal while employed at RK Management, and for each identify the date and duration of the training and who did the training.

**ANSWER:**    None.

6.    State whether Nikhil Sehgal is a member of Logical.  If the answer is in the affirmative state:

    a.    the date upon which you became a member;

    b.    the amount of consideration paid for your membership interest;

    c.    the percentage of your membership interest; and

    d.    identify all other members of Logical from the date of its formation to the present.

**ANSWER:**    No.

7.    With respect to your answer to the allegations in paragraph 17 of the Complaint in which you state that "Logical was not initially set up to be a direct competitor" please provide the following information:

    a.    What was the original purpose for establishing Logical?

    b.    What were the original services offered by Logical when it was formed?

      c.      What changes have been made to services offered by Logical since its formation?

      and

      d.      When did each change occur regarding these services?

**ANSWER:**    7a)    Company was set-up to be a new business in case Sehgal separated from employment with Plaintiff.

      7b)    None.

      7c)    Logical is now functioning in the business of placing IT consultants with customers in need of IT services.

      7d)    Logical's services have not changed except Logical is now engaged in full-time business since the date of termination of Sehgal and Rachna Virmani.

      8.      With respect to your answer to the allegations in paragraph 29 of the Complaint, in which you deny that Ram Maddali was not placed with RK Management's client because he was uncomfortable with Sehgal's switching of the contract, please state why Ram Maddali was not placed with RK Management's client.

**ANSWER:**    Ram Maddali was not placed at the client because he did not pass the client interview.

      9.      State the names, addresses, phone numbers and website addresses of all companies, individuals and other resources you have used in order to recruit IT Consultants for placement with clients as part of your work with Logical from its formation to the date of your response to this Interrogatory.

**ANSWER:**    Sehgal did not utilize resources to recruit IT consultants as part of any work with Logical prior to the date of his termination. Subsequent to his termination, Sehgal, as part of his work with Logical, utilized the following resources in order to recruit IT Consultants for placement with Logical's clients.

| Name | Address | Phone # | Website Address |
|------|---------|---------|-----------------|
| Prinee Solutions, LLC | 63 Calremont Ave, Colonia, NJ 07607 | | |
| Qinfosystems, LLC | 33 Wood Ave, Iselin,NJ 08830 | **732-623-9031** | http://www.qinfosystem.com |
| Frontier Technologies, LLC | 1601 Bond St,Suite 305, Naperville, IL 60563 | | www.frontiertechllc.com |
| Logic Bridge, Inc | 180 Raritan Center PKWY, Edison, NJ 08837 | 732-719-0480 | www.logicbridgeinc.com. |
| Everest Consulting, Inc | 3840 Park Ave, Suite 203, Edison, NJ 08820 | 630 671 0501 | www.everestconsulting.net |
| Maxim Software Solutions, Inc | 6125 Blue Circle Dr, Suite 205, Minnetonka, MN 55343 | 612-225-2118 | www.maximss.com |
| EZ2 Technologies, Inc | 6520 110th St, Suite 201, Overland Park, KS 66211 | 913 498 8872 | www.ez2tech.com |
| Delasoft, Inc | 630 Churchman Rd, Suite 108, Newark, DE19702 | 302 533 7913 | www.delasoft.com |
| Future Access, Inc | 1700 Harrison Ave, Mundelein, IL 60060 | 847 393 7014 | www.futureaccessinc.com |
| Baanyan Software Services | 33 Wood Ave, Iselin,NJ 08830 | 201 484 8942 | www.baanyan.com |
| Trisync Technologies, Inc | 180 Raritan Center PKWY Suite 4, Edison, NJ 08837 | 732 512 9000 | www.trisynctech.com |
| Lancesoft, Inc | 325 Dulles Corner Blvd., Suite 910, Herndon, VA 20171 | 703-674-4500 | www.lancesoft.com |
| Objectsoft Group, Inc | 646-5 Main Street Port Jefferson NY-11777 | 631 331 6611 | www.objectsoftgroup.com |
| Hallmark Global Technologies, Inc | #262, Chapman Rd, Suite 101, Newak DE, 19702 | 302 366 8960 | www.hgtechinc.net |

| | | | |
|---|---|---|---|
| Caresoft, Inc | 220 Lincoln Blvd, Suite 300, Middlesex NJ 08846 | 732.764.9500 | www.caresoftinc.com |
| Rrootshell, Inc | 4620 Fortran Dr, Suite 206, San Jose, CA 95134 | 510 921 1428 | www.rrootshell.com |

Hotlists from Googlegroups

10.     State the names, addresses and phone numbers of all IT Consultants and Clients for Logical for the period of the formation of Logical that were either clients of RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either was employed by RK Management.

**ANSWER:**     Objection.  The information sought by Plaintiff requires Sehgal to identify the customers of Logical which has a property interest in its confidential customer list. As Plaintiff is a direct competitor of Logical, publication of Logical's customer list would benefit Plaintiff and cause serious detriment to Logical.  In conversations between counsel concerning Sehgal's request for a protective order, Plaintiff's counsel indicated that Plaintiff intends to contact all disclosed customers of Logical, which would naturally cause a level of harassment, concern, intimidation, imposition of legal fees and other possible business concerns on the part of Logical's clients.  Sehgal also objects because the interrogatory requires him to list clients of RK Management, which are not completely known to Sehgal.  In Plaintiff's Complaint, Plaintiff has identified a database of over 5,000 entries including current clients, former clients and other entities of interest, that neither has an existing or former business relationship with Plaintiff.

Defendant further objects to the disclosure of Logical's clients and states that the disclosure, without protections of a protective order, would quite likely lead to the destruction of the valuable business relationship between Logical and its business customers.  Destruction of the business relationship would benefit Plaintiff in that Plaintiff seeks to eliminate Logical's ability to compete in the market place.

11.     State whether on March 6, 2009 you accessed Nidhi Khanna's Outlook email account maintained on the RK Management computer network.  If the answer is in the affirmative identify:

a. the owner and location of the computer on which you obtained access to the RK Management computer network;

b. how you were able to access Nidhi Khanna's Outlook email account;

c. the number of emails that you viewed; and

d. the purpose of accessing Nidhi Khanna's Outlook email account.

**ANSWER:** Yes.

11a) Nikhil Sehgal, 10S427 Carrington Creek, Burr Ridge, Illinois 60527

11b) Sehgal states that he was trying to assist Rachna in accessing her work desktop. Rachna's computer and Nidhi's computer names were identical and had an identical password. Sehgal states that he accidentally clicked on the incorrect computer name and mistakenly logged into Nidhi's computer.

11c) 1.

11d) As stated above, there was no intentional purpose in accessing Nidhi's computer. It was a mistake.

12. Identify each RK Management contract, form, handbook, pamphlet, brochure, manual or other document that you transferred or delivered, either physically or electronically, to Logical up to and including March 6, 2009.

**ANSWER:** Consulting Agreement.

13. State the names, addresses and phone numbers of all IT Consultants that you communicated with while employed by RK Management that subsequently became IT Consultants who were placed through Logical.

**ANSWER:** Objection. See objections to Interrogatory No. 10 and Interrogatory No. 14; Sehgal incorporates all objections raised in those two answers relating to the requirement to disclose information that would either identify the confidential client list of Logical or lead to the identification of the confidential client list of Logical. In this interrogatory, Plaintiff seeks the identity of IT consultants and would contact those IT consultants to learn the identity of the clients of Logical.

14.    State the names, addresses and phone numbers of all clients of RK Management and potential clients of RK Management that you communicated with under any name or alias while employed by RK Management that later had any placements performed by Logical.

**ANSWER:**    See objections stated in answer to Interrogatory No. 10. Sehgal incorporates all objections raised in his answer to Interrogatory No. 10 and further states the interrogatory requires him to, once again, identify all clients of RK Management which he cannot do and further requires that he identify "potential" clients of RK Management. The phrase potential client is not defined so without any definition, Sehgal is not able to respond. Sehgal further states that the information sought in Interrogatory No. 14 is similar to the information sought in Interrogatory No. 10 and should not be produced or if produced, only subject to an appropriate protective order.

15.    Identify each communication you had with RK Management in which RK Management agreed to sponsor and/or continue to sponsor the H-1B immigration status. For each communication identify:

        a.    The date of said communication;

        b.    Whether said communication was oral or written;

        c.    The participants to said communication;

        d.    Any witnesses to said communication; and

        e.    The content of said communication.

**ANSWER:**    15a)    Approximately February 2005, specific date unknown.
           15b)    Oral.
           15c)    Sehgal and Raj (RK Management).
           15d)    None.
           15e)    Raj stated on behalf of RK that it would support my H-1B application.

16.    Identify each instance or circumstance of which you are aware where RK Management failed to take reasonable steps to prevent the dissemination of its Agreement for Professional Services, Employee Information Form, and Policies and Procedures for Consultants Form or any other RK Management trade secret.

**ANSWER:**    Unknown, investigation continues.

17.    Identify by owner, make, model and serial number each computer, personal digital assistant ("PDA") or smart phone on which you conducted Logical business between January 2008 and March 6, 2009.

**ANSWER:**    Nikhil Sehgal, Sony VAIO, PCG 6P2L, 28247031, 3000478.

18.    Identify the employer which is now sponsoring your H-1B immigration status.

**ANSWER:**    None.

19.    For each communication between you and RK Management pertaining to any alleged under payment identify:

      a.    The date of said communication;

      b.    Whether said communication was oral or written;

      c.    The participants to said communication;

      d.    Any witnesses to said communication; and

      e.    The content of said communication.

**ANSWER:**    19a)    Does not recall.
           19b)    Oral.
           19c)    Sehgal and Raj.
           19d)    None.
           19e)    Sehgal asked why he was being paid less than the salary amount stated on his Labor Certification Application.  Raj responded that Sehgal's salary was all Raj could afford to pay Sehgal if Sehgal wanted Raj to continue to support Sehgal's visa application.

20.    Identify each instance in which you protested any under payment of compensation by RK Management.  For each instance state the date, the manner in which you protested and to whom you protested.

**ANSWER:**    None.

21.    State the circumstances which you claim "duress" when you executed the Release of all unpaid wages and compensation.

**ANSWER:**    At the time the document was executed, Raj, on behalf of RK was threatening withdrawal of immigration support, threatened to force Seghal and Rachna to return to India, and unspecified civil litigation.

22.    If it is your contention that RK Management received reimbursement of attorney's fees and application fees related to your H-1B application, state:

      a.    The amount of reimbursement;

      b.    Who paid the reimbursement;

      c.    Whether the reimbursement was paid by check, cash or wage deduction; and

      d.    The date(s) reimbursement was paid.

**ANSWER:**    This question is no longer relevant, in light of the court's recent decision concerning a motion to dismiss.

23.    State the amount of compensation received by you from Logical for work performed between January 2008 through March 6, 2009.

**ANSWER:**    0.

24.    Identify any current or former employees of Logical that have ever been employed by RK Management.

**ANSWER:**    Rachna Virmani and Nikhil Sehgal.

Respectfully submitted,

NIKHIL SEHGAL

By:_____/s/ David J. Fischer_____
                    One of their Attorneys

David J. Fischer
DOLGIN & FISCHER, LLC
30 North LaSalle Street, Suite 2610
Chicago, Illinois 60602
(312) 705-2000
Firm No. 40954
#119236v1

STATE OF ILLINOIS     )
                              ) SS
COUNTY OF COOK    )

## VERIFICATION

    I, NIKHIL SEHGAL, a Defendant herein, being first duly sworn state that I have reviewed the Answers and Objections to RK Management Consultants, Inc.'s First Set of Interrogatories and find them to be true and correct to the best of my knowledge and belief.

_____
NIKHIL SEHGAL

Subscribed and sworn to before me
this 2__ day of January, 2010

_____
Notary Public

```
"OFFICIAL SEAL"
TONIA PEARSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/2/2012
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| RK MANAGEMENT CONSULTANTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-5347 |
| | ) | |
| NIKHIL SEHGAL and RACHNA VIRMANI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED TO DEFENDANT NIKHIL SEHGAL**

Defendant, NIKHIL SEHGAL ("SEHGAL"), by and through his attorneys,

Dolgin & Fischer, LLC, and in response to First Set of Requests for Production, states as

follows:

**PRELIMINARY STATEMENT AND INSTRUCTIONS**

The following instructions are to be considered applicable to all questions
propounded in this set of Requests unless in this set of Requests unless made expressly
inapplicable by the particular request.

1.     In answering these Requests Defendant is required to furnish all
information that are available to them, including information in the possession of her
agents, attorneys, investigators, and anyone else acting on her behalf.

2.     If Defendant cannot fully answer a particular Request after exercising due
diligence to secure the information necessary to do so, state the fact with respect to each
such request and answer to the fullest extent possible, specifying in detail his inability to
answer the remainder thereof and stating whatever available information, material or
knowledge concerning the unanswered portion, and further stating efforts were made, and
by whom, to obtain the information requested in the unanswered portion.

3.     The singular number and masculine gender shall include, and be applied
as, the plural and feminine or neuter, as the circumstances of the particular request may
make appropriate.

4.     These Requests are continuing in nature and Defendant is requested to
promptly provide, by way of supplemental answers, such additional information as may

hereafter be obtained by his or any person acting on his behalf, including his counsel, to the full extent required by the Federal Rules of Civil Procedure.

5.     If a claim of privilege is asserted as to any document responsive to or requested by these Requests, please identify such document, the precise privilege asserted, the factual predicate for such assertion, and those persons who have knowledge regarding any facts contained in, or regarding substance of, said communication so as to allow RK Management to bring this matter before the Court.  Communication shall be deemed to be adequately described for this purpose if the following information is provided:

a.     The nature of the privilege claimed (the term privilege as used herein shall include work product);

b.     The identity and position of the person(s) who has the document or prepared the document.

c.     In the case of written communications, the approximate date the document to whom it was sent, and the name and position of each person, including attorneys representing parties in connection with this lawsuit, to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

d.     A brief description or summary of the contents or substance of the document sufficient to explain the basis for the claim or privilege.

## DEFINITIONS

As used herein, the following terms shall have the meaning as indicated below:

1.     The term "RK Management" refers to RK Management, Inc., its agents, employees, representatives, attorneys, and all others acting on its behalf.

2.     The terms "Nikhil Sehgal" or "you" refers to Nikhil Sehgal, his agents, employees, representatives, attorneys, and all others acting on his  behalf.

3.     The term "Rachna Virmani" refers to Rachna Virmani, her agents, employees, representatives, attorneys and all others acting on her behalf.

4.     The term "Logical Technologies, LLC" refers to Logical Technologies, LLC, its managers, members, agents, employees, representatives and all others acting on its behalf.

5.  The term "Defendants" includes Rachna Virmani, Nikhil Sehgal and Logical Technologies (solely for the purpose of these requests).

6.  The term "client" refers to any person that requests information technology services to be performed.

7.  The terms "information technology services" and "IT services" refers to all services performed by an IT Consultant as defined herein below whether performed by an IT Consultant or any other person including Defendants.

8.  The term "IT Consultant" refers to any person that performs services in the nature of computer programming, technical diagnosis and repair of computer hardware and software problems, and any other service involving interaction with computers of computer programs.

9.  "Person" means a natural person, corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity; and the acts of knowledge of a person shall include the acts and knowledge of that person's directors, officers, members, partners, employees, representatives, agents, and attorneys.

10.  The term "document" as used herein shall mean any written, recorded, filmed, computerized, or graphic matter, whether produced or reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including but not limited to, spreadsheets, databases, emails, metadata, statements, affidavits, files, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, drafts, and also including but not limited to, originals and all copies of which are different in any way from the originals, whether by interlineation, receipt stamp, notation or indication of copies sent or received, to which Nikhil Sehgal, Rachna Virmani or Logical Technologies, LLC has access or over which Nikhil Sehgal, Rachna Virmani or Logical Technologies has control.

11.  As used herein, the phrases "refer to" and "relate to" include, but are not limited to, describing, containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, constituting, evidence, setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

12.  As used herein, the phrase "bear upon" means to refer to, reflect upon, or is in any way logically factually connected with the matters discussed, either directly or indirectly, in whole or in part.

13.  "Communication" shall mean any contact, oral or written, formal or informal, at any time or place, under any circumstances, in any manner, whereby a

statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation, any documents containing, constituting, reflecting, memorializing, referring to or relating to any such contact.

    14.    "Identify" means:

        With respect to a person, to state:
- I.  Full name;
- II.  Last known home address and telephone number;
- III.  Last known business address and telephone number;
- IV.  Name and address of employer; and
- V.  Position or job title.

    b.    With respect to an oral communication, to state:

- I.  by and to whom it was made;
- II.  the date when it was made;
- III.  all persons present when it was made; and
- IV.  if it was memorialized, summarized, referenced, recorded or transcribed in any document or documents, and if so, to identify such document or documents.

    c.    With respect to a document, to state:

- I.  its nature, *i.e.,* whether it is a letter, memorandum, etc.;
- II.  by whom it was generated, to whom it was addressed, and to whom any copies were directed and/or transmitted;
- III.  the date(s) when it was generated and/or transmitted;
- IV.  the title or heading of the document;
- V.  the number of pages in the document, including enclosures, attachments or exhibits thereto; and
- VI.  the name and present or last known address of the possessor of the original of the document, of if the original in unavailable, the most legible copy thereof.

    d.    With respect to an expert, to state:

- I.  full name;
- II.  business address and telephone number;
- III.  name and address of employer;
- IV.  position or job title;
- V.  qualifications in each area of expertise.

    15.    If any document identified is no longer in Defendants' possession or control, or is no longer in existence, state whether it is: (1) lost or missing (2)

authorization for such disposition, and state the approximate date thereof destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed of; and in each instance, explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

## REQUESTS

1.     All documents that support Nikhil Sehgal's answers to RK Management's Interrogatories.

**RESPONSE:**    See documents produced.

2.     The Operating Agreement and all amendments thereto for Logical.

**RESPONSE:**    None.

3.     All consents, resolutions and minutes of meetings of the managers and/or members of Logical since its formation.

**RESPONSE:**    None.

4.     Federal and state tax returns for Logical for the year 2008 with full schedules.

**RESPONSE:**    See documents produced. Tax returns for the year 2009 have not been completed.

5.     Yearly, quarterly and monthly financial statements and profit and loss statements for Logical for the years 2008 and 2009.

**RESPONSE:**    See year-to-date profit loss January through December, 2009. Two schedules have been removed that identify customers of Logical Technologies, LLC, for which objections have been raised concerning the proprietary nature of Logical's confidential business information; also a Motion to Quash or alternatively a Motion for Protective Order has been requested, seeking to limit or deny access to information pertaining to confidential customers of Logical Technologies, LLC.

6.     Bank statements, front and back copies of cancelled checks and records of all deposits and debits for Logical for the years 2008 and 2009 that contain any reference or relate to any client or IT Consultant that either worked or was associated with RK Management while Nikhil Sehgal and/or Rachna Virmani were employed by RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either was employed by RK Management.

**RESPONSE:**   Objection, information sought would require the disclosure of Logical Technologies confidential client list.  A Motion to Quash and alternatively a Motion for a Protective Order has been requested and is unresolved.

7.     Federal and state tax returns for Nikhil Sehgal for the years 2006, 2007, 2008 and 2009 with full schedules.

**RESPONSE:**   See attached documents.

8.     All 1099's issued by Logical for the years 2008 and 2009 relating to any IT Consultant that worked or was associated with RK Management while Rachna Virmani was employed by RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while he was employed by RK Management.

**RESPONSE:**   Objection.  See response to Request No. 6.  Sehgal adopts the objections raised in that response.

9.     All W-2's issued by Logical for the years 2008 and 2009.

**RESPONSE:**   See attached documents.

10.     All documents provided to Techinsurance as part of or in support of Rachna Virmani's application for insurance for Logical.

**RESPONSE:**   See attached documents.

11.     All communications between Rachna Virmani, Nikhil Sehgal and/or any other person regarding RK Management, any IT Consultant that had previously had an agreement with RK Management and/or any client that had ever had services performed by an IT Consultant retained through RK Management.

**RESPONSE:**   Objection.  Documents sought would require disclosure of confidential client list of Logical Technologies, LLC.  Logical and Defendants have filed a separate Motion to Quash and alternatively a Motion for Protective Order which has not been resolved.  Sehgal further objects to the request, in that, it is impossible for him to know the identity of all IT consultants sought to be disclosed, subject to the requirements specified in this request.  Sehgal does not know the identity of all IT consultants who previously had an agreement with RK Management and/or any client that ever had services performed by an IT consultant retained through RK Management.

12.     Any documents that contain the names of any IT Consultant of Logical that had previously had an agreement with RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

**RESPONSE:** Objection. Sehgal believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

13. Any documents that contain the names of any client of Logical that had previously had services performed by an IT Consultant arranged through RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

**RESPONSE:** Objection. Sehgal believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

14. All documents showing gross revenue received by Logical by any client of Logical that has ever been a client of RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

**RESPONSE:** Objection. Sehgal believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

15. All employee and procedure manuals for Logical that contain any information concerning recruiting IT Consultants or client relationships.

**RESPONSE:** None.

16. All form contracts used for IT Consultants or clients as part of Logical's business operations.

**RESPONSE:** See documents produced. (Redacted to remove Logical client names (see aforementioned objections)).

17. Copies of all emails, text messages or other communications between you and Nikhil Sehgal or you and Logical from January 1, 2008 through March 6, 2009 that relate to RK Management, Logical, any Client that has ever had services performed by an IT Consultant placed by RK Management or who communicated with Rachna Virmani, Logical or you while you were employed by RK Management or any IT Consultant who has ever been placed by RK Management or communicated with Rachna Virmani, Logical or you while you were employed by RK Management.

**RESPONSE:** Objection. Sehgal believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

18.    Copies of email, text messages or other communications between you and any Logical clients from January 1, 2008 through March 6, 2009.

**RESPONSE:** Objection. Sehgal believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

19.    Copies of all emails, text messages and other communications between you and any IT Consultants from January 1, 2008 through March 6, 2009.

**RESPONSE:** See documents produced.

20.    All documents relating to your terms of employment with RK Management or your claims for compensation state in your counterclaim.

**RESPONSE:** None, investigations continues.

21.    All k-1's issued to you by Logical since it formation.

**RESPONSE:** None.

22.    All personal financial statements prepared or submitted by or statements for you the period of January 1, 2007 through the date of your answer to these requests.

**RESPONSE:** Objection, request calls for irrelevant or immaterial information. Plaintiff seeks to acquire information pertinent to collection of a judgment before it has secured judgment.

23.    All documents showing your ownership interests in any real estate anywhere in the world.

**RESPONSE:** Objection. Sehgal believes disclosure of this information is irrelevant and immaterial to the issues involved in this case. Plaintiff seeks to discover information pertaining to collection of a judgment before it has achieved a judgment.

24.    Statements for all your bank accounts for the period of January 1, 2008 through the date of your response to these requests.

**RESPONSE:** Objection. Sehgal believes Request No. 24 is irrelevant and immaterial to issues involved in this case. Plaintiff seeks to discover information pertaining to the collection of a judgment before it has achieved one.

25.     All appraisals performed for any real estate or any personal property owned by you for the period of January 1, 2008 through the date of your response to these requests.

**RESPONSE:** Objection. Sehgal believes that Plaintiff's request is immaterial and irrelevant to issues involved in this case. Plaintiff seeks to recover information concerning collectability of a judgment without having achieved a judgment.

26.     All loan and credit applications filled out by you for the period of January 1, 2008 through the date of your response to these requests.

**RESPONSE:** See response and objections to Request No. 22. Sehgal adopts the objections raised in that response.

27.     All accounts payable for Logical since its formation.

**RESPONSE:** Objection. Irrelevant and immaterial two issues involved in this case and are not designed to lead to the discovery of relevant material.

28.     All accounts receivable for Logical since its formation.

**RESPONSE:** Objection. Sehgal believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is subject to a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

29.     All documents that contain unbilled work for any client of Logical since its formation.

**RESPONSE:** None.

30.     All employment contracts for any employees of Logical that have ever been employed by RK Management.

**RESPONSE:** None.

31.     Allow access for inspection of your cell phone, PDA, lap top, computer and any electronic device of yours or over which you have any control and preserve any and all data on each such device.

**RESPONSE:**    Subject to the objections stated above, as well as, resolution of the Motion to Quash and alternatively a Motion for Protective Order, reasonable access shall be provided.

Respectfully submitted,

NIKHIL SEHGAL,

By:___ /s/ David J. Fischer_____
One of her attorneys

David J. Fischer
Dolgin & Fischer, LLC
30 North LaSalle Street, Suite 2610
Chicago, Illinois 60602
(312) 705-2000
Firm No.  40954

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| RK MANAGEMENT CONSULTANTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-5347 |
| | ) | |
| NIKHIL SEHGAL and RACHNA VIRMANI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWERS AND OBJECTIONS TO
## RK MANAGEMENT CONSULTANTS, INC.'S FIRST SET OF
## INTERROGATORIES PROPOUNDED ON DEFENDANT RACHNA VIRMANI

COMES NOW, Defendant, RACHNA VIRMANI ("VIRMANI"), by and through her attorneys, Dolgin & Fischer, LLC, and in response to RK Management Consultants, Inc.'s First Set of Interrogatories, states as follows:

## PRELIMINARY STATEMENT AND INSTRUCTIONS

The following instructions are to be considered applicable to all questions propounded in this set of interrogatories unless made expressly inapplicable by the particular interrogatory.

1.     In answering these Interrogatories Rachna Virmani is required to furnish all information that is available to his, including information in the possession of his agents, attorneys, investigators, and anyone else is acting on her behalf.

2.     If Rachna Virmani cannot fully answer a particular Interrogatory after exercising due diligence to secure the information necessary to do so, state the fact with respect to each such interrogatory and answer to the fullest extent possible, specifying in detail her inability to answer the remainder thereof and stating whatever available information, material or knowledge concerning the unanswered portion, and further stating what efforts were made, and by whom, to obtain the information requested in the unanswered portion.

3.    The singular number and masculine gender shall include, and be applied as, the plural or feminine or neuter, as the circumstances of the particular interrogatory may make appropriate.

4.    These Interrogatories are continuing in nature and Rachna Virmani is requested to promptly provided, by way of supplemental answers, such additional information as may hereafter be obtained by his or any person acting on her behalf, including her counsel, to the full extent required by the Federal Rules of Civil Procedure.

5.    If a claim of privilege is asserted as to any document responsive to or requested by these Interrogatories, please identify such document, the precise privilege asserted, the factual predicate of such assertion, and those persons who have knowledge regarding any facts contained in, or regarding the substance of, said communication so as to allow RK Management to bring this matter before the Court. Communication shall be deemed to be adequately described for this purpose if the following information is provided:

   a.    The nature of the privilege claimed (the term privilege as used herein shall include work product;

   b.    The identity and position of the person(s) who has the document or prepared the document;

   c.    In the case of written communication, the approximate date the document to whom it was sent, and the name and position of each person, including attorneys representing parties in connection with this lawsuit, to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

   d.    A brief description or summary of the contents or substance of the document sufficient to explain the basis for the claim of privilege.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.    The term "RK Management" refers to RK Management Consultants, Inc., its agents, employees, representatives, attorneys, and all others acting on its behalf.

2.    The terms "Rachna Virmani" and "you" refers to Rachna Virmani, her agents, employees, representatives, attorneys and all others acting on her behalf.

3.    The term "Logical" refers to Logical Technologies LLC, its managers, members, agents, employees, representatives and all others acting on its behalf.

4.     The term "client" refers to any person that requests information technology services to be performed.

5.     The terms "information technology services" and "IT services" refers to all services performed by an IT Consultant as defined herein below whether performed by an IT Consultant or any other person including Rachna Virmani.

6.     The term "IT Consultant" refers to any person that performs services in the nature of computer programming, technical diagnosis and repair of computer hardware and software problems, and any other service involving interaction with computers and computer programs.

7.     "Person" means a natural person, corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity; and the acts and knowledge of a partners, employees, representatives, agents, and attorneys.

8.     The term "document" as used herein shall mean any written, recorded, filmed, computerized, or graphic matter, whether produced or reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including but not limited to, spreadsheets, databases, emails, metadata, statements, affidavits, files, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, drafts, and also including but not limited to, originals and all copies which are different in any way from the originals, whether by interlineation, receipt stamp, notation or indication of copies sent or received, to which Nikhil Sehgal, Rachna Virmani or Logical Technologies, LLC has access or over which Nikhil Sehgal, Rachna Virmani or Logical Technologies has control.

9.     As used herein, the phrases "refer to" and "relate to" include, but are not limited to, describing, containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, constituting, evidencing, setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

10.     As used herein, the phrase "bear upon" means to refer to, reflect upon or is in any way logically factually connected with the matters discussed, either directly or indirectly, in whole or in part.

11.     "Communication" shall mean any contact, oral or written, formal or informal, at any time or place, under any circumstances, in an manner, whereby a statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation, any documents containing, constituting, reflecting, memorializing, referring to or relating to any such contact.

12.     "Identify" means:

    a.     With respect to a person, to state:

        i.     full name;
        ii.    last known home address and telephone number;
        iii.   last known business address and telephone number;
        iv.    name and address of employer; and
        v.     position or job title.

    b.     With respect to an oral communication, to state:

        i.     by and to whom it was made;
        ii.    the date when it was made;
        iii.   all persons present when it was made; and
        iv.    if it was memorialized, summarized referenced, recorded or
            transcribed in any document or documents, and if so, to
            identify such document or documents.

    c.     With respect to a document, to state:

        i.     its nature, *i.e.,* whether it is a letter, memorandum, etc.;
        ii.    by whom it was generated, to whom it was addressed, and
            to whom any copies were directed and/or transmitted;
        iii.   the date(s) when it was generated and/or transmitted;
        iv.    the title or heading of the document;
        v.     the number of pages in the document, including enclosures,
            attachments or exhibits thereto; and
        vi.    the name and present or last known address of the
            possessor of the original of the document, or if the
            possessor of the original of the document, or if the original
            is unavailable, the most legible copy thereof.

    d.     With respect to an expert, to state:

        i.     full name;
        ii.    business address and telephone number;
        iii.   name and address of employer;
        iv.    position or job title;
        v.     qualifications in each area of expertise.

13.     If any document identified is no longer Rachna Virmani's possession or control or is no longer in existence, state whether it is: (1) lost or missing; (2) authorization for such disposition, and state the approximate date thereof destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise

disposed of; and in each instance, explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

---

## INTERROGATORIES

1.      State the full name, date of birth, present business address, and the occupation of each person who contributed or participated in the preparation of these answers.

**ANSWER:**   Rachna Virmani, January 18, 1982, One Lincoln Center, 18W140 Butterfield Road, Suite 1500, Oak Brook Terrace, Illinois 60181, President of Logical Technologies, LLC.

2.      Identify your employment, management and ownership positions with Logical Technologies, LLC since its formation and for each position state the following:

    a.      Title for position;

    b.      Job duties for position;

    c.      Date started position; and

    d.      Salary for position.

**ANSWER:**   2a)  President.
             2b)  Sales and Marketing of Consultants and overall business
Management.
             2c)  May 30, 2008;
             2d)  $45,000.00/year (started in October 2009).

3.      With respect to your Counterclaim, state the total amount of unpaid wages you claim are owed from RK Management and the dates for which the wages were allegedly earned.

**ANSWER:**   Approximately $4,486.66

4.    With respect to the allegations contained in paragraph 20 of the Complaint and Exhibit 5 attached thereto regarding Logical Technologies, LLC's application for business insurance, state how you determined the amount of $200,000.00 as projected gross receipts for Logical Technologies, LLC for the twelve months commencing with August 8, 2008.

**ANSWER:**    Only an estimate; not based on any analysis.

5.    Describe the training You received from RK Management for each position held by You while employed at RK Management, and for each identify the date and duration of the training.

**ANSWER:**    No formal training.

6.    State whether you accessed RK Management's Monster and Dice accounts for the purpose of recruiting IT Consultants for placement by Logical between January 1, 2008 and March 6, 2009.  If the answer is in the affirmative, state:

    a.    Which account(s) you accessed;

    b.    The date(s) upon which you accessed the account(s);

    c.    The number of times that you accessed the account(s); and

    d.    Whether IT Consultant placements resulted for Logical from your access.

**ANSWER:**    6a) Dice.
6b) Don't recall.
6c) Once or twice.
6d) Yes, one.

7.    With respect to your answer to the allegations in paragraph 17 of the Complaint in which you state that "Logical was not initially set up to be a direct competitor" please provide the following information.

    a.    What was the original purpose for establishing Logical?

    b.    What were the original services offered by Logical when it was formed?

    c.    What changes have been made to services offered by Logical Technologies since its formation; and

    d.    When did each change occur regarding these services?

**ANSWER:**     7a)     Company was set-up to be a new business in case Virmani separated from employment with Plaintiff.

7b)     None.

7c)     Logical is now functioning in the business of placing IT consultants with customers in need of IT services.

7d)     Logical's services have not changed except Logical is now engaged in full-time business since the date of termination of Virmani and Nikhil Sehgal.

8.     With respect to your answer to the allegations in paragraph 29 of the Complaint, in which you deny that Ram Maddali was not placed with RK Management's client because he was uncomfortable with Sehgal's switching of the contract to Logical, please state why Ram Maddali was not placed with RK Management's client.

**ANSWER:**     Ram Maddali was not placed at the client because he did not pass the client interview.

9.     State the names, addresses, phone number and websites of all companies, individuals and other resources you have used to recruit IT Consultants for placement with clients as part of your work with Logical from its formation to the date of your response to this Interrogatory.

**ANSWER:**     Virmani does not recall, with specificity, utilizing resources to recruit IT consultants as part of any work with Logical prior to the date of her termination. Subsequent to her termination, Virmani, as part of her work with Logical, utilized the following resources in order to recruit IT Consultants for placement with Logical's clients.

| Name | Address | Phone # | Website Address |
|---|---|---|---|
| Prinee Solutions, LLC | 63 Calremont Ave, Colonia, NJ 07607 | | |
| Qinfosystems, LLC | 33 Wood Ave, Iselin,NJ 08830 | 732-623-9031 | http://www.qinfosystem.com |
| Frontier Technologies, LLC | 1601 Bond St,Suite 305, Naperville, IL 60563 | | www.frontiertechllc.com |

| | | | |
|---|---|---|---|
| Logic Bridge, Inc | 180 Raritan Center PKWY, Edison, NJ 08837 | 732-719-0480 | www.logicbridgeinc.com. |
| Everest Consulting, Inc | 3840 Park Ave, Suite 203, Edison, NJ 08820 | 630 671 0501 | www.everestconsulting.net |
| Maxim Software Solutions, Inc | 6125 Blue Circle Dr, Suite 205, Minnetonka, MN  55343 | 612-225-2118 | www.maximss.com |
| EZ2 Technologies, Inc | 6520 110th St, Suite 201, Overland Park, KS 66211 | 913 498 8872 | www.ez2tech.com |
| Delasoft, Inc | 630 Churchman Rd, Suite 108, Newark, DE19702 | 302 533 7913 | www.delasoft.com |
| Future Access, Inc | 1700 Harrison Ave, Mundelein, IL 60060 | 847 393 7014 | www.futureaccessinc.com |
| Baanyan Software Services | 33 Wood Ave, Iselin,NJ 08830 | 201 484 8942 | www.baanyan.com |
| Trisync Technologies, Inc | 180 Raritan Center PKWY Suite 4, Edison, NJ 08837 | 732 512 9000 | www.trisynctech.com |
| Lancesoft, Inc | 325 Dulles Corner Blvd., Suite 910, Herndon, VA 20171 | 703-674-4500 | www.lancesoft.com |
| Objectsoft Group, Inc | 646-5 Main Street Port Jefferson NY-11777 | 631 331 6611 | www.objectsoftgroup.com |
| Hallmark Global Technologies, Inc | #262, Chapman Rd, Suite 101, Newak DE, 19702 | 302 366 8960 | www.hgtechinc.net |
| Caresoft, Inc | 220 Lincoln Blvd, Suite 300, Middlesex NJ 08846 | 732.764.9500 | www.caresoftinc.com |
| Rrootshell, Inc | 4620 Fortran Dr, Suite 206, San Jose, CA 95134 | 510 921 1428 | www.rrootshell.com |

Hotlists from Googlegroups

10.    State the names, addresses and phone numbers of all IT Consultants and clients for Logical for the period of the formation of Logical that were either previously clients of RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either was employed by RK Management.

**ANSWER:**   Objection.  The information sought by Plaintiff requires Virmani to identify the customers of Logical which has a property interest in its confidential customer list. As Plaintiff is a direct competitor of Logical, publication of Logical's customer list would benefit Plaintiff and cause serious detriment to Logical.  In conversations between counsel concerning Virmani's request for a protective order, Plaintiff's counsel indicated that Plaintiff intends to contact all disclosed customers of Logical, which would naturally cause a level of harassment, concern, intimidation, imposition of legal fees and other possible business concerns on the part of Logical's clients.  Virmani also objects because the interrogatory requires her to list clients of RK Management, which are not completely known to Virmani.  In Plaintiff's Complaint, Plaintiff has identified a database of over 5,000 entries including current clients, former clients and other entities of interest, that neither has an existing or former business relationship with Plaintiff.

Defendant further objects to the disclosure of Logical's clients and states that the disclosure, without protections of a protective order, would quite likely lead to the destruction of the valuable business relationships between Logical and its business customers.  Destruction of the business relationships would benefit Plaintiff in that Plaintiff seeks to eliminate Logical's ability to compete in the market place.

11.    State the names, addresses and phone numbers of all IT Consultants that you communicated with while employed by RK Management that became IT Consultants who worked with Logical.

**ANSWER:**   Objection.  Interrogatory seeks the disclosure of confidential client list of Logical and is subject to an unresolved Motion to Quash or in the alternative, Motion for Protective Order.

12.    Identify each RK Management contract form, handbook, pamphlet, brochure, manual or other document that you transferred or delivered, either physically or electronically, to Logical up to and including March 6, 2009.

**ANSWER:**   None.

13.    State the total gross revenue received by Logical for the years 2008 and 2009 from clients that were previously clients of RK Management or who ever communicated with Logical or you while you were employed by RK Management.

**ANSWER:**   Objection.  Interrogatory seeks the disclosure of confidential client list of Logical and is subject to an unresolved Motion to Quash or in the alternative, Motion for Protective Order.

14.     State the total gross revenue received by Logical for the years 2008 and 2009 from any client of Logical that received services from any IT Consultant that was either an IT Consultant who was affiliated with RK Management during your employment or who communicated with you during your employment with RK Management.

**ANSWER:**   Objection.  Interrogatory seeks the disclosure of confidential client list of Logical and is subject to an unresolved Motion to Quash or in the alternative, Motion for Protective Order.

15.     State the names, residential addresses and phone number of all members of Logical since it formation.

**ANSWER:**   Rachna Virmani, 10S427 Carrington Creek, Burr Ridge, Illinois 60527.

16.     Identify all persons who participated in the planning and/or formation of Logical.

**ANSWER:**   Rachna Virmani, Nikhil Sehgal.

17.     Identify each instance or circumstance of which you are aware where RK Management failed to take reasonable steps to prevent the dissemination of its Agreement for Professional Services, Employee Information Form, and Policies and Procedures for Consultants Form or any other RK Management trade secret.

**ANSWER:**   Unknown, investigation continues.

18.     Identify by owner, make, model and serial number each computer, personal digital assistant ("PDA") or smart phone on which you conducted Logical business between January 2008 and March 6, 2009.

**ANSWER:**  Nikhil Sehgal, Sony VAIO, PCG 6P2L, 28247031, 3000478.

19.     Identify the employer which is now sponsoring your H-1B immigration status.

**ANSWER:**  None.

20.    For each communication between you and RK Management pertaining to any alleged under payment identify:

        a.     The date of said communication;

        b.     Whether said communication was oral or written;

        c.     The participants to said communication;

        d.     Any witnesses to said communication; and

        e.     The content of said communication.

**ANSWER:**    None.

21.    Identify each instance in which you protested any under payment of compensation by RK Management.  For each instance state the manner in which you protested and to whom you protested.

**ANSWER:**    None.

22.    State the circumstances which you claim "duress" when you signed the Release of all unpaid wages and compensation.

**ANSWER:**    At the time the document was executed, Raj, on behalf of RK was threatening withdrawal of immigration support, threatening to force Seghal and Virmani to return to India, and unspecified civil litigation.

23.    State the amount of compensation received by you from Logical for work performed between January 2008 through March 6, 2009.

**ANSWER:**    0.

24.    Identify any current or former employees of Logical that have ever been employed by RK Management.

**ANSWER:**   Rachna Virmani and Nikhil Sehgal.


     25.    Identify all bank accounts maintained by Logical.


**ANSWER:**   Objection. Interrogatory seeks the disclosure of confidential client list of Logical and is subject to an unresolved Motion to Quash or in the alternative, Motion for Protective Order.


     26.    Identify all accountants performing work for Logical.


**ANSWER:**   Vilmlan Tax Services.


                         Respectfully submitted,

                         RACHNA VIRMANI


                         By:____/s/ David J. Fischer_____
                                 One of their Attorneys


David J. Fischer
DOLGIN & FISCHER, LLC
30 North LaSalle Street, Suite 2610
Chicago, Illinois 60602
(312) 705-2000
Firm No.  40954
#119427v1

STATE OF ILLINOIS )
                         ) SS
COUNTY OF COOK )

## VERIFICATION

    I, RACHNA VIRMANI, a Defendant herein, being first duly sworn state that I have reviewed the Answers to RK Management Consultants, Inc.'s First Set of Interrogatories and find them to be true and correct to the best of my knowledge and belief.

                                    RACHNA VIRMANI

Subscribed and sworn to before me
this _28_ day of January, 2010

_____
Notary Public

```
"OFFICIAL SEAL"
TONIA PEARSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/2/2012
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| RK MANAGEMENT CONSULTANTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-5347 |
| | ) | |
| NIKHIL SEHGAL and RACHNA VIRMANI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR PRODUCTION OF PROPOUNDED TO DEFENDANT RACHNA VIRMANI

Defendant, RACHNA VIRMANI ("VIRMANI"), by and through her attorneys, Dolgin & Fischer, LLC, and in response to First Set of Requests for Production, states as follows:

### PRELIMINARY STATEMENT AND INSTRUCTIONS

The following instructions are to be considered applicable to all questions propounded in this set of Requests unless in this set of Requests unless made expressly inapplicable by the particular request.

1. In answering these Requests Defendant is required to furnish all information that are available to them, including information in the possession of her agents, attorneys, investigators, and anyone else acting on her behalf.

2. If Defendant cannot fully answer a particular Request after exercising due diligence to secure the information necessary to do so, state the fact with respect to each such request and answer to the fullest extent possible, specifying in detail his inability to answer the remainder thereof and stating whatever available information, material or knowledge concerning the unanswered portion, and further stating efforts were made, and by whom, to obtain the information requested in the unanswered portion.

3. The singular number and masculine gender shall include, and be applied as, the plural and feminine or neuter, as the circumstances of the particular request may make appropriate.

4.    These Requests are continuing in nature and Defendant is requested to promptly provide, by way of supplemental answers, such additional information as may hereafter be obtained by his or any person acting on his behalf, including his counsel, to the full extent required by the Federal Rules of Civil Procedure.

5.    If a claim of privilege is asserted as to any document responsive to or requested by these Requests, please identify such document, the precise privilege asserted, the factual predicate for such assertion, and those persons who have knowledge regarding any facts contained in, or regarding substance of, said communication so as to allow RK Management to bring this matter before the Court.  Communication shall be deemed to be adequately described for this purpose if the following information is provided:

    a.    The nature of the privilege claimed (the term privilege as used herein shall include work product);

    b.    The identity and position of the person(s) who has the document or prepared the document.

    c.    In the case of written communications, the approximate date the document to whom it was sent, and the name and position of each person, including attorneys representing parties in connection with this lawsuit, to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

    d.    A brief description or summary of the contents or substance of the document sufficient to explain the basis for the claim or privilege.

## DEFINITIONS

As used herein, the following terms shall have the meaning as indicated below:

1.    The term "RK Management" refers to RK Management, Inc., its agents, employees, representatives, attorneys, and all others acting on its behalf.

2.    The terms "Nikhil Sehgal" or "you" refers to Nikhil Sehgal, his agents, employees, representatives, attorneys, and all others acting on his  behalf.

3.    The term "Rachna Virmani" refers to Rachna Virmani, her agents, employees, representatives, attorneys and all others acting on her behalf.

4.    The term "Logical Technologies, LLC" refers to Logical Technologies, LLC, its managers, members, agents, employees, representatives and all others acting on its behalf.

5. The term "Defendants" includes Rachna Virmani, Nikhil Sehgal and Logical Technologies (solely for the purpose of these requests).

6. The term "client" refers to any person that requests information technology services to be performed.

7. The terms "information technology services" and "IT services" refers to all services performed by an IT Consultant as defined herein below whether performed by an IT Consultant or any other person including Defendants.

8. The term "IT Consultant" refers to any person that performs services in the nature of computer programming, technical diagnosis and repair of computer hardware and software problems, and any other service involving interaction with computers of computer programs.

9. "Person" means a natural person, corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity; and the acts of knowledge of a person shall include the acts and knowledge of that person's directors, officers, members, partners, employees, representatives, agents, and attorneys.

10. The term "document" as used herein shall mean any written, recorded, filmed, computerized, or graphic matter, whether produced or reproduced, or on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including but not limited to, spreadsheets, databases, emails, metadata, statements, affidavits, files, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, drafts, and also including but not limited to, originals and all copies of which are different in any way from the originals, whether by interlineation, receipt stamp, notation or indication of copies sent or received, to which Nikhil Sehgal, Rachna Virmani or Logical Technologies, LLC has access or over which Nikhil Sehgal, Rachna Virmani or Logical Technologies has control.

11. As used herein, the phrases "refer to" and "relate to" include, but are not limited to, describing, containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, constituting, evidence, setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

12. As used herein, the phrase "bear upon" means to refer to, reflect upon, or is in any way logically factually connected with the matters discussed, either directly or indirectly, in whole or in part.

13.    "Communication" shall mean any contact, oral or written, formal or informal, at any time or place, under any circumstances, in any manner, whereby a statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation, any documents containing, constituting, reflecting, memorializing, referring to or relating to any such contact.

14.    "Identify" means:

With respect to a person, to state:
   I.   Full name;
  II.   Last known home address and telephone number;
 III.   Last known business address and telephone number;
 IV.   Name and address of employer; and
  V.   Position or job title.

b.    With respect to an oral communication, to state:

   I.   by and to whom it was made;
  II.   the date when it was made;
 III.   all persons present when it was made; and
 IV.   if it was memorialized, summarized, referenced, recorded or transcribed in any document or documents, and if so, to identify such document or documents.

c.    With respect to a document, to state:

   I.   its nature, *i.e.,* whether it is a letter, memorandum, etc.;
  II.   by whom it was generated, to whom it was addressed, and to whom any copies were directed and/or transmitted;
 III.   the date(s) when it was generated and/or transmitted;
 IV.   the title or heading of the document;
  V.   the number of pages in the document, including enclosures, attachments or exhibits thereto; and
 VI.   the name and present or last known address of the possessor of the original of the document, of if the original in unavailable, the most legible copy thereof.

d.    With respect to an expert, to state:

   I.   full name;
  II.   business address and telephone number;
 III.   name and address of employer;
 IV.   position or job title;
  V.   qualifications in each area of expertise.

15.    If any document identified is no longer in Defendants' possession or control, or is no longer in existence, state whether it is: (1) lost or missing (2) authorization for such disposition, and state the approximate date thereof destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed of; and in each instance, explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

## REQUESTS

1.    All documents that support Rachna Virmani's answers to RK Management's Interrogatories.

**RESPONSE:**  See documents produced

2.    The Operating Agreement and all amendments thereto for Logical.

**RESPONSE:**  None.

3.    All consents, resolutions and minutes of meetings of the managers and/or members of Logical since its formation.

**RESPONSE:**  None.

4.    Federal and state tax returns for Logical for the year 2008 with full schedules.

**RESPONSE:**  See documents produced.  Tax returns for the year 2009 have not been completed.

5.    Yearly, quarterly and monthly financial statements and profit and loss statements for Logical for the years 2008 and 2009.

**RESPONSE:**  See year-to-date profit loss January through December, 2009.  Two schedules have been removed that identify customers of Logical Technologies, LLC, for which objections have been raised concerning the proprietary nature of Logical's confidential business information; also a Motion to Quash or alternatively a Motion for Protective Order has been requested seeking to limit or deny access to information pertaining to confidential customers of Logical Technologies, LLC.

6.    Bank statements, front and back copies of cancelled checks and records of all deposits and debits for Logical for the years 2008 and 2009 that contain any reference or relate to any client or IT Consultant that either worked or was associated with RK Management while Nikhil Sehgal and/or Rachna Virmani

were employed by RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either was employed by RK Management.

**RESPONSE:** Objection, information sought would require the disclosure of Logical Technologies confidential client list. Logical Technologies has filed a Motion to Quash and alternatively a Motion for a Protective Order has been requested and is unresolved.

7. Federal and state tax returns for Rachna Virmani for the years 2008 and 2009 with full schedules.

**RESPONSE:**

8. All 1099's issued by Logical for the years 2008 and 2009 relating to any IT Consultant that worked or was associated with RK Management while Rachna Virmani was employed by RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while he was employed by RK Management.

**RESPONSE:** Objection. See response to Request No. 6. Virmani adopts the objections raised in that response.

9. All W-2's issued by Logical for the years 2008 and 2009.

**RESPONSE:** See attached documents.

10. All documents provided to Techinsurance as part of or in support of Rachna Virmani's application for insurance for Logical.

**RESPONSE:** See attached documents.

11. All communications between Rachna Virmani, Nikhil Sehgal and/or any other person regarding RK Management, any IT Consultant that had previously had an agreement with RK Management and/or any client that had ever had services performed by an IT Consultant retained through RK Management.

**RESPONSE:** Objection. Documents sought would require disclosure of confidential client list of Logical Technologies, LLC. Logical and Defendants have filed a separate Motion to Quash and alternatively a Motion for Protective Order which has not been resolved. Virmani further objects to the request, in that, it is impossible for her to know the identity of all IT consultants sought to be disclosed, subject to the requirements specified in this request. Virmani does not know the identity of all IT consultants who previously had an agreement with RK Management and/or any client that ever had services performed by an IT consultant retained through RK Management.

12.     Any documents that contain the names of any IT Consultant of Logical that had previously had an agreement with RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

**RESPONSE:**   Objection.  Virmani believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

13.     Any documents that contain the names of any client of Logical that had previously had services performed by an IT Consultant arranged through RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

**RESPONSE:**   Objection.  Virmani believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, .which motion has not been resolved.

14.     All documents showing gross revenue received by Logical by any client of Logical that has ever been a client of RK Management or communicated with Nikhil Sehgal and/or Rachna Virmani while either were employed by RK Management.

**RESPONSE:**   Objection.  Virmani believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

15.     All employee and procedure manuals for Logical that contain any information concerning recruiting IT Consultants or client relationships.

**RESPONSE:**  None.

16.     All form contracts used for IT Consultants or clients as part of Logical's business operations.

**RESPONSE:**  See documents produced.  (Redacted to remove Logical client names (see aforementioned objections)).

17.     Copies of all emails, text messages or other communications between you and Nikhil Sehgal or you and Logical from January 1, 2008 through March 6, 2009 that relate to RK Management, Logical, any Client that has ever had services performed by an IT Consultant placed by RK Management or who communicated with Nikhil Sehgal, Logical or you while you were employed by RK Management or any IT Consultant who has ever been placed by RK Management or communicated with Nikhil Sehgal, Logical or you while you were employed by RK Management.

**RESPONSE:**   Objection.  Virmani believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

18.     Copies of email, text messages or other communications between you and any Logical clients from January 1, 2008 through March 6, 2009.

**RESPONSE:**   Objection.  Virmani believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

19.     Copies of all emails, text messages and other communications between you and any IT Consultants from January 1, 2008 through March 6, 2009.

**RESPONSE:**   None.

20.     All documents relating to your terms of employment with RK Management or your claims for compensation state in your counterclaim.

**RESPONSE:**   None, investigations continues.

21.     All k-1's issued to you by Logical since it formation.

**RESPONSE:**   None.

22.     All personal financial statements for you the period of January 1, 2008 through the date of your answer to these requests.

**RESPONSE:**   Objection, request calls for irrelevant or immaterial information.  Plaintiff seeks to acquire information pertinent to collection of a judgment before it has secured judgment.

23.    All documents showing your interests in any real estate anywhere in the world.

**RESPONSE:**    Objection.  Virmani believes disclosure of this information is irrelevant and immaterial to the issues involved in this case.  Plaintiff seeks to discover information pertaining to collection of a judgment before it has achieved a judgment.

24.    Statements for all your bank accounts for the period of January 1, 2008 through the date of your response to these requests.

**RESPONSE:**    Objection.  Virmani believes Request No. 24 is irrelevant and immaterial to issues involved in this case.  Plaintiff seeks to discover information pertaining to the collection of a judgment before it has achieved one.

25.    All appraisals performed for any real estate or any personal property owned by you for the period of January 1, 2008 through the date of your response to these requests.

**RESPONSE:**    Objection.  Virmani believes that Plaintiff's request is immaterial and irrelevant to issues involved in this case.  Plaintiff seeks to recover information concerning collectability of a judgment without having achieved a judgment.

26.    All loan and credit applications filled out by you for the period of January 1, 2008 through the date of your response to these requests.

**RESPONSE:**    See response and objections to Request No. 22.  Virmani adopts the objections raised in that response.

27.    All lists or any other document containing the names of all clients of Logical since its formation.

**RESPONSE:**    Objection.  Virmani believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

28.    All lists of any other document containing the names of all IT consultants that have been placed by Logical or communicated with Logical since its formation.

**RESPONSE:**    Objection.  Virmani believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is the subject of a Motion to Quash and alternatively a Motion for Protective Order, which motion has not been resolved.

29.     All accounts payable for Logical since its formation.

**RESPONSE:**   Objection.  Irrelevant and immaterial two issues involved in this case and are not designed to lead to the discovery of relevant material.

30.     All accounts receivable for Logical since its formation.

**RESPONSE:**   Objection.  Virmani believes that the information requested would require disclosure of clients of Logical Technologies, LLC which is subject to a Motion to Quash and alternatively a Motion for Protective Order, .which motion has not been resolved.

31.     All documents that contain unbilled work for any client of Logical since its formation.

**RESPONSE:**   None.

32.     All employment contracts for any employees of Logical that have ever been employed by RK Management.

**RESPONSE:**   None.

33.     Allow access for inspection of your cell phone, PDA, lap top, computer and any electronic device of yours or over which you have any control and preserve any and all data on each such device.

**RESPONSE:**   Subject to the objections stated above, as well as, resolution of the Motion to Quash and alternatively a Motion for Protective Order, reasonable access shall be provided.

Respectfully submitted,

RACHNA VIRMANI,

By:_____/s/ David J. Fischer_____
One of her attorneys

David J. Fischer
Dolgin & Fischer, LLC
30 North LaSalle Street, Suite 2610
Chicago, Illinois 60602
(312) 705-2000
Firm No.  40954